### SCHALLERN DRUG CO. v. McCABE.

(Circuit Court of Appeals, Eighth Circuit. December 11, 1924.)

#### No. 6605.

Bankruptcy ⬤═166(4)—Chattel mortgage accepted within four-month period, with knowledge or reasonable cause to believe mortgagor insolvent, held a "preference."

Where chattel mortgagee of stock of merchandise accepted mortgage several years after sale to bankrupt and within four months prior to filing of petition, with knowledge of or reasonable cause to believe mortgagor was insolvent, mortgage constituted a "preference."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Preference.]

Appeal from the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

Proceeding by the Schallern Drug Company against J. E. McCabe, trustee in bankruptcy. Decree for defendant, and plaintiff appeals. Affirmed.

J. A. Hyland, of Bismarck, N. D. (T. J. Krause, of Mandan, N. D., on the brief), for appellant.

Edward B. Cox, of Bismarck, N. D. (O'Hare & Cox, of Bismarck, N. D., on the brief), for appellee.

Before STONE and KENYON, Circuit Judges, and FARIS, District Judge.

STONE, Circuit Judge. This is an appeal from an order of the trial court affirming the disallowance by the referee in bankruptcy of a preference claimed by appellant on account of a chattel mortgage covering a stock of drugs. The referee held that the mortgage was void as to the general creditors of the bankrupt for two reasons: First, that it operated as a prefer-

ence under the Bankruptcy Law (Comp. St. §§ 9585–9656); second, that it operated as a fraud upon the creditors of the mortgagor because the mortgagor had been allowed to remain in possession of the stock of goods, sell therefrom in the usual course of business, was not required to make any accounting in connection with such sales, was not required to make payments on the mortgage therefrom and was permitted to conduct the business in the same manner as before the mortgage was given. The trial court did not pass upon the finding as to whether the mortgage amounted to a fraud upon the creditors but based the confirmation of the report of the referee upon the ground that the mortgage operated as a preference within the bankruptcy statutes.

We think that the ruling of the trial court was correct. As we think the facts show clearly that this mortgage would operate as a preference prohibited by the act, we deem it unnecessary to discuss whether the mortgage was otherwise fraudulent as to general creditors. The facts, as clearly shown from the evidence, are as follows: About December 17, 1919, appellant sold a stock of drugs with fixtures to the bankrupt, the City Drug Company. Payment therefor was made with $2,500 in cash and a note for $5,500, payable in monthly installments of $100 each. This note was executed by the company; it seems to have been the understanding, at that time, that the note was to be indorsed by the directors of the company, but only one of them, Dr. Spielman, ever indorsed it. Being satisfied that Spielman was "worth many times more than the note," appellant did not trouble itself about the matter until shortly before the mortgage was given. Some time after the sale, A. V. Schallern, the managing partner of appellant, investigated the solvency of the bankrupt. As a part of the information then secured, Schallern seems to have seen a report, made by an auditor named Janda on December 15, 1922, covering the affairs of the bankrupt. This report on its face and alone would have been sufficient to have convinced any one seeing it that the bankrupt was insolvent, or at least in such a condition that one dealing with it would be put upon serious inquiry as to solvency. But aside from this report, the evidence shows that the valuations upon some of the property asset items of the bankrupt, which valuation Schallern says he accepted in his investigation, were so clearly exaggerated that a man of his experience and familiarity with the matters in hand should not have accept-

ed. The proof is also clear that the bankrupt was insolvent at the time Schallern made this investigation and from then up to the filing of the petition in bankruptcy. On February 8, 1923, Schallern procured the chattel mortgage in lieu of the endorsement of Dr. Spielman. The petition in bankruptcy was filed April 2, 1923, and the adjudication made April 24, 1923.

From the above facts it appears that appellant, at a time within the four-month period, when the bankrupt was insolvent and when appellant knew or had reasonable cause to believe that such insolvency existed, accepted this mortgage which would operate as a preference.

The decree or order confirming the report of the referee should be and is affirmed.